IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID R. C., ) | |
| ) | |
| Plaintiff, ) | Case No. 1:22-cv-5087 |
| v. ) | |
| ) | Magistrate Judge Jeannice W. Appenteng |
| LELAND DUDEK, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff David R. C. seeks to overturn the final decision of the Acting Commissioner of Social Security ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and filed cross-motions for summary judgment. After review of the record and the parties' respective arguments, the Court finds that the case must be remanded for further proceedings.

**BACKGROUND**

Plaintiff protectively applied for DIB and SSI in January 2020 alleging disability since December 31, 2017 due to sciatica, a back injury, anxiety, depression, and arthritis. Administrative Record ("R.") 194-95, 201-06, 234. Born in November 1966, plaintiff was 51 years old as of the alleged onset date, making him

---

[1] Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. He is automatically substituted as the named defendant pursuant to FED. R. CIV. P. 25(d).

a person closely approaching advanced age (age 50-54). 20 C.F.R. § 404.1563(d); 20 C.F.R. § 416.963(d). He spent many years working as a polisher for a manufacturing company, but he quit in December 2017 due to his conditions and has not engaged in substantial gainful activity since that date. R. 235.

The Social Security Administration denied plaintiff's applications initially on November 9, 2020, and upon reconsideration on April 30, 2021. R. 62-121. Plaintiff filed a timely request for a hearing and on January 25, 2022, he appeared before an administrative law judge ("ALJ"). R. 35. The ALJ heard testimony from plaintiff, who was represented by counsel, and from vocational expert Craig Johnston (the "VE").[2] R. 37-61. On February 14, 2022, the ALJ determined that plaintiff's history of fracture of the thoracic and lumbar spine, degenerative disc disease of the lumbar spine, right sacroiliac joint dysfunction, coccydynia, left shoulder rotator cuff tendinosis, depression, anxiety, and alcohol dependence are severe impairments, but that they do not alone or in combination with plaintiff's non-severe impairments meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 17-20.

After reviewing the evidence, the ALJ concluded that plaintiff has the RFC to perform medium work with various postural, manipulative, hazard-related, and non-exertional limitations. R. 21-27. The ALJ accepted the VE's testimony that a person with plaintiff's background and this RFC could not perform plaintiff's past metal fabrication work, but could perform a significant number of other jobs

---

[2] The hearing was held telephonically due to the COVID-19 pandemic.

available in the national economy. R. 27-29. As a result, the ALJ concluded that plaintiff was not disabled at any time from the alleged disability onset date through the date of the decision. R. 29. The Appeals Council denied plaintiff's request for review on July 18, 2022. R. 1-5. That decision stands as the final decision of the Commissioner and is reviewable by this Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Whitney v. Astrue*, 889 F. Supp. 2d 1086, 1088 (N.D. Ill. 2012).

In support of his request for reversal or remand, plaintiff argues that the ALJ: (1) erred in assessing his ability to lift, carry, and reach overhead; and (2) failed to properly accommodate his moderate mental limitations. For reasons discussed in this opinion, the Court finds that the case must be remanded for further consideration of the limiting effects of plaintiff's tendinosis.

## **DISCUSSION**

### A.  Standard of Review

A claimant is disabled within the meaning of the Social Security Act if he is unable to perform "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[3] 20 C.F.R. § 404.1505(a). In determining whether a claimant suffers from a disability, an ALJ must conduct a standard five-step inquiry, which involves analyzing: "(1) whether the claimant is currently employed; (2) whether

---

[3] Because the regulations governing DIB and SSI are substantially identical, for ease of reference, only the DIB regulations are cited herein.

[the claimant] has a severe impairment or a combination of impairments that is severe; (3) whether [the claimant's] impairments meet or equal any impairments listed as conclusively disabling; (4) whether [the claimant] can perform . . . past work; and (5) whether [the claimant] is capable of performing any work in the national economy." *Gedatus v. Saul*, 994 F.3d 893, 898 (7th Cir. 2021) (citing 20 C.F.R. § 404.1520(a)-(g)). If the claimant meets his burden of proof at steps one through four, the burden shifts to the Commissioner at step five. *Id*.

In reviewing an ALJ's decision, the Court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (quoting *Gedatus*, 994 F.3d at 900). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). "[S]ocial-security adjudicators are subject to only the most minimal of articulation requirements," and ALJs need only provide "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell*, 97 F.4th at 1053-54 (internal quotations omitted) (in "shorthand terms," an ALJ must build a "logical bridge from the evidence to his conclusion"); *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024).

4

B.  Analysis

    1.    **Physical RFC**

Plaintiff argues that the case must be remanded because the RFC for lifting, carrying, and overhead reaching is not supported by the evidence of record. Dkt. 18 at 5-8; Dkt. 24 at 1-5. A claimant's RFC is the maximum work that he can perform despite any limitations. 20 C.F.R. § 404.1545(a)(1); SSR 96-8p. "[T]he responsibility for the RFC assessment belongs to the ALJ, not a physician, [but] an ALJ cannot construct his own RFC finding without a proper medical ground and must explain how he has reached his conclusions." *Bronwen M. v. Kijakazi*, No. 22 C 50153, 2023 WL 6388207, at *2 (N.D. Ill. Sept. 29, 2023) (quoting *Amey v. Astrue*, No. 09 C 2712, 2012 WL 366522, at *13 (N.D. Ill. Feb. 2, 2012)).

The ALJ found plaintiff capable of occasionally lifting and carrying 50 pounds, frequently lifting and carrying 25 pounds, and frequently reaching overhead with the left upper extremity. R. 21. The lifting and carrying restrictions are identical to those set forth by state agency reviewer Ranga Reddy, M.D. in his April 29, 2021 opinion. R. 97, 114. As plaintiff notes, however, Dr. Reddy was unaware that on August 3, 2021, plaintiff was newly diagnosed with left shoulder rotator cuff tendinosis, an impairment the ALJ found to be severe. R. 17, 1520. Plaintiff argues that Dr. Reddy's opinion was stale and did not provide a valid basis for the RFC assessment. Dkt. 18 at 7; Dkt. 24 at 1-2. The Court agrees.

"It is common for there to be a lag between the state agency physicians' reviews and the ALJ's decision, so the fact that new medical records came in after

5

the state agency physicians conducted their reviews, is not, by itself, problematic." *Shelia M. v. Saul*, No. 20 C 664, 2021 WL 1784775, at *6 (N.D. Ill. May 5, 2021) (citing *Keys v. Berryhill*, 679 F. Appx. 477, 481 (7th Cir. 2017)). "Rather, an outdated state agency [opinion] problem occurs if there exists 'later evidence containing new, significant medical diagnoses [that] reasonably could have changed the reviewing physician's opinion.'" *Id.* (quoting *Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir. 2018).

Here, orthopedist Victor A. Foorsov, M.D. assessed plaintiff with left shoulder tendinosis in August 2021. R. 1518. Dr. Foorsov referred plaintiff for physical therapy, where his goal was to be able to lift 10 pounds with no increase in pain. R. 1518, 1257, 1263. At a follow-up appointment with Dr. Foorsov on October 25, 2021, plaintiff was improving but still had tenderness in the shoulder and a positive empty can test. R. 1290. It is certainly possible that had Dr. Reddy known about the tendinosis, he may have included additional lifting, carrying, and reaching restrictions in the RFC. The Commissioner insists that the ALJ already accounted for any related loss of functioning by limiting plaintiff to frequent as opposed to constant overhead reaching with the left arm. Dkt. 23 at 5. But no physician indicated that such a restriction reasonably addresses the effects of plaintiff's new diagnosis. *See Nichole M. S. v. Saul*, No. 19 C 7798, 2021 WL 534670, at *4-5 (N.D. Ill. Feb. 12, 2021) (where the only opinions of record came from state agency physicians who were unaware of the plaintiff's new impairment of osteoarthritis of

6

the lumbar spine, ALJ erred in "relying on his own interpretation of the medical records" to determine the limiting effects of plaintiff's back impairment).

The Commissioner faults plaintiff for failing to provide an opinion from his own treaters and stresses that the RFC is "more restrictive . . . than any doctor indicated [plaintiff] needed." Dkt. 23 at 5, 6. It is true that plaintiff bears the burden of providing medical evidence of his conditions, but he did so in the form of the diagnosis and his testimony about pain and difficulty lifting and reaching. R. 48, 53-54, 1520. Given the introduction of a new severe impairment that was not subjected to medical scrutiny, the Court "declines to hold the lack of a . . . treating physician opinion against [plaintiff] in this case." *Annette S. v. Saul*, No. 19 C 6518, 2021 WL 1946342, at *10 (N.D. Ill. May 14, 2021) (quoting *Kemplen v. Saul*, 844 F. Appx. 883, 887 (7th Cir. 2021)) ("[T]he [claimant's] burden is to produce evidence, not necessarily opinions").

The Court likewise cannot find that the ALJ's error was harmless. The Seventh Circuit has made clear that an error does not necessitate a remand "where we are convinced that the ALJ will reach the same result." *Wilder v. Kijakazi*, 22 F.4th 644, 654 (7th Cir. 2022) (quoting *Butler v. Kijakazi*, 4 F.4th 498, 504 (7th Cir. 2021)). Here, it is possible that a reduction in plaintiff's lifting and carrying ability could result in a limitation to light as opposed to medium work (meaning occasional lifting of 20 pounds and frequent lifting of 10 pounds). In such circumstances, considering plaintiff's age and background he would be presumptively disabled as of

November 13, 2021, the day he turned 55. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 202.06.

The Court is not suggesting that plaintiff is in fact limited to light work or expressing any opinion in that regard. Viewing the record as a whole, however, the ALJ failed to build a logical bridge between the evidence and his conclusion that plaintiff can perform medium work with frequent overhead reaching. Plaintiff's request to remand the case for further consideration of his physical RFC in light of the tendinosis diagnosis is granted.

### 2. Remaining Arguments

The Court does not find any specific error with respect to plaintiff's remaining argument. That said, the ALJ should take the opportunity on remand to reassess all aspects of plaintiff's RFC, including any limitations in concentration, persistence, or pace.

### CONCLUSION

For the reasons stated above, plaintiff's motion for summary judgment is granted, and the Commissioner's motion for summary judgment is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is reversed, and this case is remanded to the Social Security Administration for further proceedings consistent with this opinion.

**SO ORDERED.**

_____
**Jeannice W. Appenteng**
**United States Magistrate Judge**

Date:2/25/2025